Jeremiah Johnson (CA SBN 227275)
Johnson & McDermed, LLP
400 Montgomery Street, Suite 680
San Francisco, CA 94104
Tel 415.276.5803
Fax 415.843.0493
jeremiah@jmcdlaw.com

Attorneys for Plaintiff Abuzahra

**THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Saber Abuzahra, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT FOR DAMAGES |
| | JURY TRIAL DEMANDED |
| The United States of America, | |
| U.S. Department of Homeland Security, | |
| U.S. Immigration and Customs Enforcement, | |
| U.S. Immigration and Customs Enforcement Officers 1-15, | |
| G4S Secure Solutions (USA) Inc., | |
| John DOE, | |
| Defendants. | |

C 13   0513

1

On May 25, 2011 U.S. Department of Homeland Security officials restrained Mr. Abuzahra in shackles for his scheduled appearance at the San Francisco Immigration Court. While detained, and in shackles, a G4S "transport officer" attacked Mr. Abuzahra in response to Mr. Abuzahra's request to speak to his attorney. Although ICE Officers intervened, they failed to provide medical attention after the attack.

As a result, Mr. Abuzahra developed injuries including repeated and lasting strong headaches and physical trauma. His income has suffered. He experiences serious emotional distress from the attack.

The United States has denied responsibility and therefore Mr. Abuzahra appears before this Court and brings this Complaint for Damages.


NATURE OF THE ACTION

1.      This is a civil action arising out of an attack resulting in the unlawful assault and battery to Mr. Abuzahra.

2.      Plaintiff seeks damages under the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, damages for violations of the U.S. Constitution pursuant to Bivens v. Six Unknown Named Federal Bureau Narcotics, 403 U.S. 388 (1971), damages under common law for intentional infliction of emotional distress, assault, battery, deprivation of civil rights through intimidation, and negligence; and an effective remedy under International Human Rights law.

## JURISDICTION

2.     This action arises in part under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80.  Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1346(b).

3.     Pursuant to 28 U.S.C. 2675 the claim set forth herein was presented to U.S. Immigration and Customs Enforcement ("ICE"), Department of Homeland Security ("DHS") on April 14, 2012.

4.     On August 7, 2012 ICE denied the claim.

5.     This action also arises in part under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, *supra*.  Therefore this Court has jurisdiction pursuant to 18 U.S.C. § 1331.

6.     This Court has personal jurisdiction over the Defendants because the incident upon which this action is based took place at DHS's facilities located at 630 Sansome Street, San Francisco, California.

7.     This Court also has jurisdiction pursuant to 28 USC § 1332 (diversity) as Mr. Abuzahra is a resident of California and G4S Americas Region headquarters is in Florida.

## VENUE

8.     Venue is proper in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1391, 1402(b) because this is a civil action in which the Defendants are either officers of the United States acting in their official

3

capacities or an agency of the United States; because Plaintiff resides in this judicial district; and because many of the events or omissions giving rise to the claim occurred in this judicial district.

PARTIES

PLAINTIFF

9.      Mr. Saber Abuzahra, a native and citizen of Jordan.  On or about September 8, 1994 his status was adjusted to that of a lawful permanent resident under 8 U.S.C. § 1255.  His Alien Number is 073 018 323.  He currently resides at 498 O'Farrell Street, San Francisco, California.

DEFENDANTS

10.      Defendant United States of America is a sovereign nation.

12.      Defendant U.S. Department of Homeland Security is an agency of the United States of America and is responsible to enforce and administer the nation's immigration laws.

12.      Defendant U.S. Immigration And Customs Enforcement is an agency of the United States of America and manages and oversees the nation's civil immigration detention system.

4

13.     Defendant ICE Officers 1-15 were employees of ICE and acted within the scope of federal employment at the time of the incident.

14.     Defendant G4S Secure Solutions (USA) Inc. is an American security services company and contracts with the United States to detain persons held pursuant to federal immigration laws.

15.     Defendant John Doe was an employee of G4S at the time of the incident and acted within the scope of his employment at the time of the incident.

## STATEMENT OF FACTS

16.     On May 25, 2011 DHS officials restrained Mr. Abuzahra in shackles for his scheduled appearance at the San Francisco Immigration Court located at 630 Sansome Street, San Francisco, California before Immigration Judge Michael J. Yamaguchi.

17.     After his appearance before the Immigration Judge, Mr. Abuzahra was being transported back to a holding facility located on the 6th Floor at 630 Sansome Street, San Francisco.

18.     He remained in shackles.

19.     Mr. Abuzahra made a request to contact his attorney to the transport officer, John Doe, an unidentified G4S employee.

20.     Mr. Abuzahra was not permitted to contact his attorney despite his request.

21.     Rather, in response the transport officer physically attacked Mr. Abuzahra.

22.     The transport officer slammed Mr. Abuzahra's head against the wall even though Mr. Abuzahra remained in shackles and posed no threat to the transport officer.

23.     Mr. Abuzahra was unable to protect his head from the blows inflicted due to the nature of the shackles.

24.     After the attack Mr. Abuzahra was unable to hold his head in response to the pain due to the nature of the shackles.

25.     Mr. Abuzahra suffered injuries as a result.

26.     After the attack, a DHS official rebuked the transport officer.

27.     Although Mr. Abuzahra suffered a serious blow to the head, no professional medical personnel examined Mr. Abuzahra immediately following the attack.

28.     Mr. Abuzahra remained subject to shackles until Mr. Abuzahra was transported back to the Yuba County Jail located in Marysville, California.

29.     It was not until Mr. Abuzahra returned to Yuba County Jail did he receive medical attention.

30.     Unfortunately the medical attention he did receive was not adequate.

31.     Mr. Abuzahra continued to receive inadequate medical treatment for a serious head injury.

32.     DHS prepared a report of the incident.

33.    Mr. Abuzahra was denied a copy of the report and his medical records despite his request and remained in detention despite his injuries.

34.    During and after the assault and battery, Mr. Abuzahra suffered physical trauma, severe anxiety, anger, and depression due to the assault.

35.    Moreover, the denial of necessary medical treatment caused prolonged and unnecessary suffering.

## CAUSE OF ACTION

36.    Plaintiff incorporates paragraphs 15-35 herein.

37.    During the attack, Defendant John Doe committed and is liable for the tortious acts of assault and battery.

38.    Given the vulnerable state of Mr. Abuzahra during the attack (i.e. shackled), Defendant John Doe also committed and is liable for other tortious acts including the intentional infliction of emotional distress, deprivation of civil rights through intimidation and negligence.

39.    Defendant G4S is vicariously liable for the acts of its' employee, Defendant John Doe.

40.    Although G4S contracts with the United States the authority to detain, such authority cannot be exercised without respect to the obligations regarding treatment of detainees under the U.S. Constitution and International Human Rights law.

41.     The United States remains liable for the tortious acts committed by G4S, and its' employees, due to the unique authority and supervision exercised by DHS given the detention of Mr. Abuzahra.

42.     The United States has a duty of care to ensure the safety and wellbeing of persons held under authority of federal immigration laws.  The United States failed in that duty owed to Mr. Abuzahra.

43.     The denial of medical attention immediately after the attack and the refusal to provide Mr. Abuzahra a copy of the report of the incident is a violation of the Fifth Amendment of the U.S. Constitution; an intentional infliction of emotional distress; a deprivation of civil rights through intimidation; and a violation of International Human Rights law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.     Enter judgment in favor of Plaintiff and against Defendants;

2.     Award damages to compensate Plaintiff for his injuries;

3.     Award punitive damages where permitted by law;

4.     Award costs and attorneys' fees; and

5.     Award Plaintiff any other relief deemed necessary and proper.

1

## JURY DEMAND

2

Plaintiff hereby demands a trial by jury.

3

4

5 Dated: *2/6/2013*

6

Respectfully Submitted,

7

8

Jeremiah Johnson (CA SBN 227275)

9 Johnson & McDermed, LLP

10 400 Montgomery Street, Suite 680
San Francisco, CA 94104

11 Tel 415.276.5803
Fax 415.843.0493

12 jeremiah@jmcdlaw.com

13

14 Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9